IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARDS OF TRUSTEES OF THE | ) | |
| WESTERN PENNSYLVANIA | ) | Civil Action No.   2:22-cv-548 |
| ELECTRICAL EMPLOYEES PENSION, | ) | |
| INSURANCE TRUST, DEFERRED | ) | |
| COMPENSATION, WAGE & FRINGE | ) | |
| FUNDS and THE NATIONAL | ) | **THIS DOCUMENT WAS** |
| ELECTRICAL BENEFIT FUND; | ) | **ELECTRONICALLY FILED** |
| SECRETARY OF FUNDS, LLC; and THE | ) | |
| WESTERN PENNSYLVANIA CHAPTER | ) | |
| OF THE NATIONAL ELECTRICAL | ) | |
| CONTRACTORS ASSOCIATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ENTERGY ELECTRIC COMPANY, LLC, | ) | |
| and JAMES HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Boards of Trustees of the Western Pennsylvania Electrical Employees Pension, Insurance Trust, Deferred Compensation, Wage & Fringe Funds, the Board of Trustees of the National Electrical Benefit Fund (collectively, the "Benefit Funds"), the Secretary of Funds, LLC, and the Western Pennsylvania Chapter of the National Electrical Contractors Association ("NECA"), by its counsel, Meyer, Unkovic & Scott LLP, hereby file the within Complaint, of which the following is a statement:

1.      This action is brought by the fiduciaries of various multiemployer plans to recover all delinquent employee benefit contributions determined to be due, and to restore all plan losses resulting from the actions taken by the contributing employer and its chief officer.

2.      This Court has jurisdiction of this action under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132(e)(1).

3.      The Trustees of the Benefit Funds are the administrators and the named fiduciaries of the Benefit Funds, as those terms are defined in Sections 3(16)(A) and 402(a)(2) of ERISA, 29 USC §§ 1002(16)(A), 1102(a)(2).

4.      The Benefit Funds are multiemployer employee benefit plans as those terms are defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Benefit Funds are established and maintained according to the provisions of various plan documents and trust agreements and are provided for in the collective bargaining agreements (collectively, the "CBA") between the International Brotherhood of Electrical Workers Local Union No. 5 (the "Union") and Entergy Electric Company, LLC ("Entergy Electric").  The Benefit Funds are administered by the Trustees at 5 Hot Metal Street, Suite 200, Pittsburgh, Allegheny County, Pennsylvania 15203.

5.      The Secretary of Funds, LLC and NECA are the collection agents for the Benefit Funds and other related ancillary industry funds, vacation benefits, and union dues provided for in the CBA.

6.      Defendant Entergy Electric is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 27 Gary Street, Suite 2, Carnegie, Pennsylvania 15106.  Entergy Electric transacts business in Pennsylvania as an electrical contractor or subcontractor.

7.      Defendant James Howard ("Howard") is an adult individual and resident of the Commonwealth of Pennsylvania.  Upon information and belief, Howard is the owner of Entergy Electric.

8.      Venue in this Court is proper under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Benefit Funds are administered in this judicial district and because Defendants have failed to make employee benefit contributions in this judicial district.  Venue in this Court is also proper under 28 U.S.C. §1391(b) as the actions of Defendants complained of

herein either occurred within this judicial district and/or had their intended effects within this judicial district.

9.      At all times relevant herein, Entergy Electric has been bound by the CBA with the Union, which establishes the terms and conditions of employment for Entergy Electric's employees, including Entergy Electric's obligation to make employee benefit contributions to the Benefit Funds on behalf of its employees.

10.     The CBA and the Benefit Funds' trust agreements:  establish rules regarding the collection of contributions owed to the Benefit Funds; authorize the Trustees to conduct various employer payroll audits; and obligate employers, including Entergy Electric, to provide a bond or other adequate security to guaranty payment of future contributions.

11.     The Benefit Funds are third party beneficiaries of the CBA.

12.     The Secretary of Funds, LLC and NECA are the collection agents for the Benefit Funds and other related ancillary industry funds, vacation benefits, and union dues provided for in the CBA.

13.     The CBA provides that employer contributions to the Benefit Funds must be reported and paid within fifteen days of the end of the calendar month in which covered employment was performed.  Reports must be filed each month regardless of whether covered employment was performed in the prior calendar month.

14.     As of the date of this filing, Entergy Electric owes the Benefit Funds employee contributions for the work months of December 2021, January 2022, and February 2022, as well as liquidated damages and interest for late payments for the months of July 2021 through December 2021, inclusive.  Entergy Electric's current obligation to the Benefit Funds includes the principal amount of $63,906.26, liquidated damages in the amount of $27,574.73, and interest in the amount of $3,148.51 (as of 03/25/22), for a total obligation of **$94,629.40**.

15.     Entergy Electric's report to the Benefit Funds for the work month of February 2022 remains outstanding.

16.     Entergy Electric owes the National Electrical Benefit Fund ("NEBF") employee contributions for the work months of August 2021 through January 2022, inclusive, in the principal amount of $6,457.53, plus interest in the amount of $289.20 and liquidated damages of $1,291.51 (calculated through April 8, 2022).

17.     Entergy Electric's reports to NEBF for the work months of February and March 2022 remain outstanding.

18.     Despite repeated demands for payment and reports, Entergy Electric remains delinquent.

**COUNT I – TO RECOVER DELINQUENT CONTRIBUTIONS PURSUANT TO SECTIONS 502(a)(3) AND 515 OF ERISA**

19.     The Trustees incorporate the allegations above in paragraphs 1 through 18.

20.     Section 502(a)(3) of ERISA authorizes a fiduciary of an employee benefit plan to bring a civil action to enjoin any act violating any provision of Title I of ERISA.  29 U.S.C. §1132(a)(3).

21.     Section 515 of ERISA requires employers obligated to make employee benefit contributions pursuant to the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or the collective bargaining agreement.  29 U.S.C. §1145.

22.     By failing to submit contributions for the work months of December 2021, January 2022, and February 2022, and the outstanding liquidated damages and interest for late payments for the months of July 2021 through December 2021, Entergy Electric has failed to

make contributions to the Benefit Funds in accordance with the Benefit Funds' terms and the CBA.

23.     Entergy Electric has employed individuals to perform work covered by the CBA with the Union but has failed to make the required contributions to the Benefit Funds.

24.     Entergy Electric has refused, and continues to refuse, to make employee benefit contributions in accordance with the terms of the Benefit Funds' trust agreements and the CBA with the Union.

25.     Entergy Electric is in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     Awarding the Benefit Funds all unpaid contributions owed by Entergy Electric Company, LLC in the principal amount of $63,906.26;

B.     Awarding the Benefit Funds liquidated damages and interest on all unpaid contributions owed by Entergy Electric Company, LLC, determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, as provided by Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

C.     Awarding the National Electrical Benefit Fund all unpaid contributions owed by Entergy Electric Company in the principal amount of $6,457.53;

D.     Awarding the National Electrical Benefit Fund liquidated damages and interest on all unpaid contributions owed by Entergy Electric Company, LLC;

E.     Awarding the Benefit Funds' reasonable attorney's fees and costs of this action as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

F.     For such further appropriate relief as the Court may deem equitable.

## COUNT II – TO REMEDY A BREACH OF FIDUCIARY DUTY
## UNDER SECTIONS 404, 409 AND 502(a)(3) OF ERISA

26.    The Trustees incorporate the allegations above in paragraphs 1 through 25.

27.    Section 404 of ERISA, 29 U.S.C. § 1104, provides that fiduciaries of employee benefit plans have a duty to act prudently and solely for the exclusive purpose of providing benefits to plan participants and beneficiaries.

28.    Section 409 of ERISA, 29 U.S.C. § 1109, provides that fiduciaries that breach a fiduciary duty or any responsibility or obligation under Section 404 of ERISA are personally liable to make good to the plan such losses that result from the breach.

29.    ERISA provides that an individual that exercises discretion over plan assets is a fiduciary.

30.    The Benefit Funds' trust agreements provide that no contributing employer has any right, title or interest in any sum payable by the employer to the Benefit Funds but not yet paid.  The trust agreements further provide that title to all monies payable to the Benefit Funds are vested in the Trustees.

31.    Accordingly, title to Entergy Electric's unpaid employee benefit contributions to the Benefit Funds are vested in the Trustees, and those unpaid employee benefit contributions are plan assets.

32.    Upon information and belief, Howard directed monies in the possession of Entergy Electric to be used to pay Entergy Electric's business obligations, including salaries and other business expenses, rather than paying those monies to the Benefit Funds to satisfy Entergy Electric's employee benefit contribution obligations.

33. In so doing, Howard exercised discretion over plan assets titled to the Trustees and directed the use of those assets not in the best interests of the Benefit Funds' participants and beneficiaries, but in the best interests of Entergy Electric and Howard.

34. Accordingly, Howard violated Section 404 of ERISA and is personally liable to the Benefit Funds under Section 409 of ERISA for all plan losses resulting from his breach.

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Declaring James Howard personally liable for all unpaid contributions owed by Entergy Electric Company, LLC to the Benefit Funds in the principal amount of $63,906.26;

B. Declaring James Howard personally liable to the Benefit Funds for all liquidated damages and interest on all unpaid contributions owed by Entergy Electric Company, LLC, determined by the Benefit Funds' plan documents, trust agreements, and/or the Union's CBA, as provided by Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

C. Declaring James Howard personally liable to the Benefit Funds for all of the Benefit Funds' reasonable attorney's fees and costs of this action as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

D. For such further appropriate relief as the Court may deem equitable.

MEYER, UNKOVIC & SCOTT LLP


By:/s/ Brittany M. Bloam
    Jason Mettley
    PA I.D. #81966
    jm@muslaw.com

    Brittany M. Bloam
    PA I.D. #311541
    bmb@muslaw.com

    Henry W. Oliver Building
    535 Smithfield Street, Suite 1300
    Pittsburgh, PA 15222-2315
    (412) 456-2800
    (412) 456-2864/Fax

*BOARDS OF TRUSTEES OF THE WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION, INSURANCE TRUST, DEFERRED COMPENSATION, WAGE & FRINGE FUNDS AND THE NATIONAL ELECTRICAL BENEFIT FUND; SECRETARY OF FUNDS, LLC; AND THE WESTERN PENNSYLVANIA CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION*

4866-5036-9051, v. 2